<div style="writing-mode: vertical-rl">United States District Court
For the Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C.J. CHEN and JUN YAN,

    Plaintiffs,

v.

ELISA A. MARCAIDA,

    Defendant.

No. C 11-06124 JSW

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant removed on the basis of both federal question and diversity jurisdiction. Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally filed in state court may be removed to federal court only if the district court could have exercised jurisdiction over such action if initially filed there. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A district court must remand the case if

it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Moreover, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

"It is well settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only true question at issue." *Caterpillar,* 482 U.S. at 393 (emphasis in original).

Based upon the Court's review of the complaint, it appears that Defendant has removed the action based upon a federal defense. Plaintiffs complaint only asserts a state-law claim for unlawful detainer. To the extent Defendant contends that removal was proper based on federal question jurisdiction, Defendant must demonstrate that she did not remove this action based solely upon a federal defense.

Alternatively, Defendant may show that diversity jurisdiction exists. However, although Defendant has not alleged the citizenship of each of the parties, Plaintiffs allege in their complaint that they are residents of California. Based on the fact that Defendant is contesting Plaintiffs' attempt to evict her from a property in California, it appears as though Defendant is

2

also a resident of California. Thus, it appears as though both Plaintiffs and Defendants are residents of California and that, therefore, complete diversity does not exist. Accordingly, Defendant is HEREBY ORDERED to show cause why this case should not be remanded for lack of subject matter jurisdiction. Defendant's response to this Order to Show Cause is due by **March 26, 2012**. Defendant is admonished that her failure to respond to this Order to Show Cause by **March 26, 2012** will result in the Court remanding this action without any further notice.

The Court FURTHER ORDERS that the case management conference scheduled for March 16, 2012 is VACATED and shall be reset by the Court, if necessary, at a later date.

**IT IS SO ORDERED.**

Dated: March 12, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

C.J. CHEN et al,

        Plaintiff,

 v.

ELISA A MARCAIDA et al,

        Defendant.

Case Number: CV11-06124 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elisa A. Marcaida
37660 Blacow Road
Fremont, CA 94536

Frederico R. Marcaida
37660 Blacow Road
Fremont, CA 94536

Dated: March 12, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk